## SUPREME COURT.

### LORENZO WEBBER and others agt. STEPHEN HOBBIE.

The power to entertain, continue and conduct supplementary proceedings, under § 298, &c., of the Code, is a mere statute authority—conferred not upon the supreme court, but upon the *judges* as separate judicial officers, and must be strictly pursued.

After the proceedings have been duly instituted, the *jurisdiction* of the judge must remain until the examination of the debtor is completed, and *all orders* made by the judge in respect to the property of the judgment-debtor or other- wise, are *fully executed*.

The *receiver*, too, is subject to the order of the judge. And the judge has con- trol over the assets in the hands of the receiver, so as to charge them with the *costs* of the proceedings under § 301, although no order for costs may have been made at the time of the appointment of the receiver

*At Chambers*, *Feb.*, 1857.

SUPPLEMENTARY proceedings on the return of execution un- satisfied.

A receiver having been appointed after examination of the debtor before a referee, application is now made for an allowance of costs, under § 301 of the Code.

J. F. BABBIT, *for plaintiffs.*

D. J. SUNDERLIN, *for defendant.*

E. DARWIN SMITH, Justice. No order for costs having been made at the time of the appointment of the receiver, it is now claimed that the time has passed for the making of such allowance, and that the jurisdiction of the judge ends, in these cases, with the appointment of the receiver, under § 298.

The proceedings supplementary to execution, under chapter 2, title 9, of the Code, were designed to supersede the creditor's bill of the court of chancery commonly in use before the Code. So far as the judgment-debtor alone is concerned, it suffices for that purpose.

The remedy consists in a summary proceeding before one of the judges of this court, *out of court,* or a county judge. Jurisdiction is conferred upon the judge to make the order for the appearance and examination of the judgment-debtor, by the presentation to such judge of an affidavit, showing the due return of the execution, and other facts prescribed in § 292. The power to entertain, continue and conduct the proceedings, under this part of the Code, is a mere statute authority—conferred, not upon the supreme court, but upon the judges as separate judicial officers, and must be strictly pursued. The judge can exercise no power not expressly given by the statute, or clearly implied.

The object of the legislature in prescribing this mode of proceeding against judgment-debtors was to reach their choses in action and equitable interests, which could not be reached by execution. The several provisions of the chapter relating to these proceedings should be liberally construed, so as to effectuate that object. The judge, on the appearance before him of the judgment-debtor, in pursuance of his order, may take his examination himself, or refer to a referee to take such examin-

ation : he may appoint a receiver, and may direct the transfer of property, and may punish for contempts.

After the proceedings have been duly instituted, the jurisdiction must remain until the examination of the debtor is completed, and all orders made by the judge in respect to the property of the judgment-debtor, or otherwise, are fully executed. The receiver, too, I think, must be subject to the order of the judge. He may be required to account for the property which may come to his hands; and I think the jurisdiction of the judge must necessarily continue, until the judgment-creditor is *paid*, or all the funds or property in the hands of the receiver applied on the judgment, are exhausted. The judge may order the application of such funds upon the judgment, and, I think, must necessarily have control over the assets in the hands of the receiver, *so as to charge* them with the costs of the proceedings under § 301.

Until the judge makes the *final* order for the application or appropriation of the funds in the hands of the receiver, his jurisdiction remains : and he may allow to the judgment-debtor, or to any party examined before him, or a referee, whether party or witness, witness-fees and disbursements, and a fixed sum for *costs not exceeding $30.*

I think I have not lost jurisdiction of these proceedings, and do therefore allow the judgment-creditor, besides his disbursements and witness-fees in this proceeding, the sum of twenty dollars as costs.