(54 Misc. Rep. 647)

McALPIN et al. v. STODDARD.

(Supreme Court, Appellate Term. June 6, 1907.)

1. EXECUTION—SUPPLEMENTARY PROCEEDING—ORDER FOR DEBTOR'S EXAMINATION.

Code Civ. Proc. § 2432, provides remedies for the examination of a judgment debtor, section 2433 declares each of such remedies to be a special proceeding, section 2434 requires such proceedings to be instituted before a justice of the City Court, and section 2433 provides an order made by a judge out of court may be vacated or modified by the judge who made it, or the court out of which execution issued. *Held* that, as section 26 provides that in the city and county of New York a special proceeding before a judge may be continued before one or more other judges of the same court with like effect as if it had been commenced before the judge who last heard the same, an order made by a judge of the city court for the examination of a debtor in a judgment obtained in the Municipal Court may only be vacated or modified by a judge of that court or upon motion in the Supreme Court, where execution issues out of that court.

2. MOTIONS—ORDER—SUFFICIENCY.

Under Code Civ. Proc. § 767, defining a written direction of a court or judge not contained in a judgment to be an order, a City Court justice's indorsement upon an order for the examination of a judgment debtor, "Proceeding dismissed upon objection made by judgment debtor. * * * J. I. G. J. C. C.," was an order.

3. EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION—ORDER OF DISMISSAL—ENTRY.

If entry of an order dismissing a proceeding for the examination of a judgment debtor supplemental to execution was required, it was the duty of the prevailing party to enter it.

4. SAME.

A judgment debtor could not object to a second order requiring his examination in proceedings supplementary to execution on the ground that the prior proceeding was pending, in which an order on his own application had been made vacating the first order, whether the same was entered or not.

5. SAME.

On a judgment debtor's motion a proceeding as in an action for his examination was dismissed. Thereafter the creditor obtained a second order, and on the return day on the debtor's motion the proceeding was dismissed, on the ground that no order had been entered dismissing the prior proceeding, with leave to renew after the entry of an order dismissing the first proceeding. Thereafter the creditor's attorney prepared an order headed, "At a Special Term of the City Court," etc., entitled in the action, and reciting that upon debtor's motion the proceedings were dismissed with leave to renew, and the same was entered April 8th and a third order for the debtor's examination was obtained, whereupon the debtor obtained an order to show cause why the order of April 8th should not be vacated and procured a stay of examination pending the decision. *Held*, that the Special Term of the City Court of the city of New York properly refused to vacate the order of April 8th, and properly vacated the stay of examination, but that it had no authority to direct the debtor to appear for examination, but should have left the creditor to obtain an order from a City Court justice fixing a new date for examination under the last order granted.

Appeal from City Court of New York.

Proceeding by Edwin McAlpin and others, trustees under will of David H. McAlpin, deceased, against Leroy H. Stoddard. Defendant appeals from an order for the defendant's examination supplemental to execution. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Charles H. Stoddard, for appellant.

Pratt & McAlpin (Talbert W. Sprague, of counsel), for respondents.

GILDERSLEEVE, P. J. In February, 1907, the plaintiffs obtained an order, based upon an affidavit, for the examination of the defendant herein, in proceedings supplementary to execution. The affidavit and order were entitled as in an action in the City Court, and upon the return day of the order the defendant, the judgment debtor, objected to the validity of the order, and thereupon the justice before whom the examination was about to be taken made this indorsement upon the order:

"Proceeding dismissed upon objection made by judgment debtor that proceeding is entitled in an action, with leave to renew. No costs. J. I. G., J. C. C."

Thereafter the judgment creditor obtained a second order for the debtor's examination, and, upon the return day of this order, the judgment debtor asked that the proceeding be dismissed on the ground that no order had been entered dismissing the prior proceeding. The justice of the City Court thereupon dismissed the proceeding with leave to renew after the entry of an order dismissing the proceeding. Thereafter the attorney for the judgment creditor prepared an order headed, "At a Special Term of the City Court," etc., and entitled in the action, and reciting that upon motion of the attorney for the judgment debtor the proceedings were dismissed with leave to renew without costs, and, after giving the debtor's attorney notice of the settlement thereof, caused the same to be entered on April 8, 1907. A third order for the examination of the debtor was thereafter obtained. The debtor then obtained an order to show cause why the order of April 8th aforesaid should not be vacated, and also procured a stay of the examination of the debtor pending the decision on the motion. This motion came on to be heard at a special term of the City Court and was denied, the stay vacated, and the judgment debtor ordered to appear for examination at a time and place fixed. From this last-mentioned order this appeal is taken.

Section 2432 of the Code of Civil Procedure provides three remedies for the examination of a judgment debtor, and each of these remedies is declared to be a "special proceeding." Section 2433. The judgment in the case at bar was obtained in the Municipal Court. A transcript was filed in the county clerk's office, thereby making it a judgment of the Supreme Court for the purpose of its enforcement. Section 261, Municipal Court Act (Laws 1902, p. 1565, c. 580). And by section 2434 of the Code of Civil Procedure in such a case a proceeding to examine the judgment debtor must be instituted before a justice of the City Court. The power to entertain these proceedings is statutory, and is conferred upon the judges as separate judicial officers. Webber v. Hobbie, 13 How. Prac. 382. Section 2433, supra, provides that an order made by a judge out of court may be vacated or modified by the judge who made it, or it may be vacated or modified "by the court" out of which the execution was issued. As section 26 of the Code of Civil Procedure provides that in the city and county of New York "a special proceeding instituted before a judge * * * may be continued before one or more other judges of the same court with like effect as if it had been instituted or commenced before the judge who last heard the same," it follows that an order made by a judge of the City Court for the examination of the judgment debtor can only be vacated or modified by a judge of that court, or "upon motion" in the Supreme Court; that being the court "out of which the execution was issued." Section 2433, supra. The proceedings are instituted and continued before a judge out of court as a separate tribunal. No other judge at chambers has the right to interfere or make any order therein excepting when acting in his place as provided by statute. Riddle on Supl. Pro. (3d Ed.) p. 19, and cases cited.

As to whether or not the entitling of the affidavit and order as in the action rendered the order invalid, the authorities are not entirely in harmony. In Special Term of the Supreme Court in Harris v. Weiss, 105 N. Y. Supp. 8, an order entitled in· the action was vacated on that ground. In Lynch v. Reilly, 22 N. Y. Weekly Dig. 357, a General Term, Supreme Court, Second Department, held that an affidavit and order entitled in the City Court was sufficient to confer jurisdiction, and that such an order should not be vacated. Other cases upon either position might be cited. In the case at bar, there was an order made by the judge dismissing the proceedings upon the application of the judgment debtor. The indorsement upon the order for the debtor's examination of the words hereinbefore quoted constituted an order. Section 767, Code Civ. Proc. If an entry of such order was required, it was the duty of the prevailing party to enter it. Savage v. Relyea, 3 How. Prac. 276. And the debtor was in no position to object to the second order, upon the ground that the prior proceeding was pending, in which an order on his own application had been made vacating the first order, whether the same had been entered or not. Shultz v. Andrews, 54 How. Prac. 380. The order of April 8th was unnecessary whether made at Special Term or by a judge, and the making and entry thereof violated no substantial right of the judgment debtor, as it provided for the relief thereinbefore granted the debtor by the order made by Mr. Justice Green. The order appears to have been entered upon motion of the debtor's attorney. It has been held that a party cannot appeal from an order entered upon his own motion, and the proper practice would have been to have had the order resettled if the debtor was materially injured by its terms. Raymond v. Tiffany, 115 App. Div. 351, 100 N. Y. Supp. 807. The order appealed from was properly granted so far as it denied the debtor's motion to vacate the order of April 8th, and so far as it vacated the stay obtained by him pending the hearing of the motion. The order, however, should not have directed the judgment debtor to appear for examination. This the Special Term had no· authority to do. It should have been left for the judgment creditor to have obtained an order from a justice of the City Court fixing a new date for the examination under the order last granted.

The order will therefore be modified by striking therefrom the provision requiring the judgment debtor to appear for examination, and, as modified, affirmed, without costs to either party of this appeal. All concur.