expressly held in Lynch v. Kirby, supra, and, although it is an adjudication outside this state, the following reasoning (found in 36 Mich. at page 241) is particularly applicable, by analogy at least, to a situation like the one presented by the death of the special guardian in the case at bar, viz.:

"The guardian who received the license at length made the sale and reported it to the court, and the court confirmed the sale and ordered conveyance. The death of the guardian before conveyance could not and did not invalidate the sale. That was complete. The purchasers were entitled to conveyance, and no reason is perceived why the successor in the deceased guardian's place might not be directed to complete the transaction by deeding and receiving the price. There is no express provision that conveyance must be made by the same person who as guardian effects the sale, and nothing is discovered which implies any necessity for such a rule. On the contrary, it cannot be doubted but that such a regulation would often lead to great embarrassment and useless expense. Every sale not carried out by deed would necessarily fall to the ground in case of death, resignation, or removal of the guardian. The act of conveyance is rather official than personal, and more of a function of the place than a matter appropriated to any individual, and I think the probate court was warranted in authorizing and directing the new guardian to make the conveyance which was due in law and which the former guardian was at his death lawfully required to execute. The new guardian succeeded to such of the duties of the place as remained unperformed. The sale was already consummated, closed, and established. It was a matter finished. What remained to be done was to give the deeds and receive and account for the money."

My conclusion is that the complaint should be dismissed, with costs.

---

(63 Misc. Rep. 24.)

## In re LANDIS MACH. CO.

### LANDIS MACH. CO. v. WILLCHINSKI.

(City Court of New York, Special Term. April, 1909.)

EXECUTION (§ 418*) — SUPPLEMENTARY PROCEEDINGS — MOTION TO PUNISH FOR CONTEMPT.

A motion to punish as for contempt for failing to appear for supplementary proceedings must, under Code Civ. Proc. § 2457, be made to the judge of the court out of which execution was issued, and where a judgment in the municipal court by filing a transcript became a judgment of the Supreme Court, out of which the execution issued, a motion to punish the debtor for contempt for failing to appear under an order of the City Court of New York must be in the Supreme Court.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

Action by the Landis Machine Company against Stephen Willchinski. Judgment for plaintiff. Application in the matter of supplementary proceedings to punish defendant for contempt in failing to appear for examination. Denied.

Maxson & Jones, for the motion.
Stephen Willchinski, opposed.

LA FETRA, J. This is a motion to punish a judgment debtor as for a contempt for his failure to appear November 20, 1908, the day to which his examination under an order of this court had been ad-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

journed. The judgment upon which this proceeding is based was obtained in the Municipal Court, Borough of Manhattan, Ninth District, and became a judgment of the Supreme Court, out of which· an execution was issued. A motion to punish as for a contempt should be made to the judge of the court or the court "out of which the execution was issued." See Code Civ.· Proc.· § 2457; Matter of Backus, 91 App. Div. 266, 86 N. Y. Supp. 638, affirmed 179 N. Y. 571, 72 N. E. 1139.

Motion denied.