(63 Misc. Rep. 25.)

KATZ v. KOSOWER.

(City Court of New York, Special Term.   April, 1909.)

1. EXECUTION (§ 375*)—SUPPLEMENTARY PROCEEDINGS—ISSUE OF EXECUTION.
    Under Code Civ. Proc. § 2435, an execution must issue to the sheriff of the county of the judgment creditor's residence, before the granting of an order to examine him in supplementary proceedings.

    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 375.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT AS TO RESI-
DENCE—CONTEMPT.**

An affidavit for the examination of a debtor in supplementary proceed-
ings stated that the execution was duly issued to the sheriff of the county
of New York, where such judgment debtor "at the time of the commence-
ment of this special proceeding then resided and still resides." *Held* in-
sufficient to authorize a punishment of a judgment debtor for contempt in
failing to appear, as the affidavit fails to show the residence of the debtor
at the time of the issuing of the execution.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 417.*]

Action by Frank Katz against Abraham Kosower. Judgment for
plaintiff. Application to punish judgment debtor for contempt. Mo-
tion dismissed.

Harold K. Straus, for plaintiff.
Abraham Rosenstein, for defendant.

LA FETRA, J. This is an application to punish a judgment debtor
as for a contempt in failing to appear upon the return day, December
29, 1908, of an order for his examination in proceedings supplementary
to execution. The affidavit for his examination states, among other
facts, that an execution was "on the 19th day of October, 1908, duly
issued out of the Supreme Court, which is a court of record, by the
clerk thereof, to the sheriff of the county of New York, where such
judgment debtor, at the time of the commencement of this special pro-
ceeding, then resided and still resides." It was sworn to and the or-
der granted thereon was served on the 19th day of December, 1908.

The judgment creditor bases his right to maintain this proceeding
upon the above allegations of residence of the judgment debtor. It is
apparent that the residence of the judgment debtor at the time of the
issuance of the execution is not set forth, and that he may have resided
without the state or in some other county in the state on October 19,
1908. The court has been referred to the case of Schenck v. Irwin,
60 Hun, 361, 15 N. Y. Supp. 55, followed by Matter of Gagnon, 32
App. Div. 22, 52 N. Y. Supp. 309. In the former case the execution
had been issued to Steuben county, where the judgment debtor then
resided, but before the proceedings were commenced he had taken a
residence in Chemung county. The affidavit in that case set forth the
issuing of an execution to Steuben county. The court held that the
execution should have been issued to Chemung county, "where the
judgment debtor then, presently, resided." Dwight, P. J., said (page
363 of 60 Hun, page 56 of 15 N. Y. Supp):

"But we wish to put our conclusion of the want of jurisdiction in the county
judge in this case more distinctly upon the ground that the proofs showed that
the execution, which was alleged as the basis of the proceeding, was not is-
sued to the county where the judgment debtor resided when the proceeding
was commenced."

It follows therefore, as the proceeding is based upon the residence of
the judgment debtor, the execution must have issued to the county
where he resided at the time of the commencement of the proceeding.

A further question to be determined is whether or not the execution
must have issued to the sheriff of the county where the judgment debt-
or resided at the time of its issuance. The Code of Civil Procedure

(section 2458) limits the right to maintain these special proceedings. To obtain an order it must be shown that an execution has issued as therein provided. See Code Civ. Proc. §§ 2435, 2436, 2441. The execution precedes the order. Subdivision 2 reads:

"(2) If the judgment debtor is then a resident of the state, to the sheriff of the county where he resides."

Thus it appears, where a judgment creditor bases his right under said subdivision, an execution must have been issued to the county where he then resided and been returned, as provided in either section 2435, 2436, or 2441 of the Code of Civil Procedure. The reason that an execution should issue to the county of his residence is to satisfy the judgment by execution before resorting to these proceedings. Naturally the execution would more likely be satisfied in the county where he resided than in any other county of the state. Possibly an execution could be satisfied by issuing it to the county where the judgment debtor at the time of the commencement of the special proceedings had a place for the regular transaction of business in person, and therefore the Legislature has wisely made such a provision. Section 2458, subd. 1. As the original affidavit upon which these proceedings were instituted failed to show where the judgment debtor resided at the time of the issuing of the execution, this court had no authority to grant the order of December 19, 1908, and the motion to punish the judgment debtor as for a contempt in failing to appear and make discovery on oath concerning his property must fall. The court is without jurisdiction to punish a judgment debtor as for a contempt in proceedings supplementary to execution. See, also, Matter of Landis Machine Co. v. Willchinski, 63 Misc. Rep. 24, 117 N. Y. Supp. 305.

Motion denied.