(63 Misc. Rep. 27.)

### BRIDGES v. KOPPELMAN.

(City Court of New York, Special Term. April, 1909.)

**1. EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—PROCEDURE—AFFIDAVIT.**
Under Code Civ. Proc. §§ 2435, 2436, an order for examination of judgment debtor may be granted on proof of the necessary facts by affidavit or "other competent written evidence."

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1109; Dec. Dig. § 377.*]

**2. EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—PROCEDURE—AFFIDAVIT.**
On an application for an examination of a judgment debtor, the affidavit stated· that the judgment was rendered on service of summons by substitution under Code Civ. Proc. § 2458, when in fact it was made under Code Civ. Proc. § 436, relating to substituted service, which section is mentioned in section 2458. *Held*, that an objection to the affidavit on the ground that it did not state facts sufficient to confer jurisdiction was untenable.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1109; Dec. Dig. · § 377.*]

**3. EXECUTION (§ 378*)—SUPPLEMENTARY PROCEEDINGS—ORDER FOR EXAMINATION—ALTERATION.**
Where the judgment creditor was unable to serve an order for the examination in supplementary proceedings granted by a justice of the City Court within the designated time, the date of the return day was changed, and a new date inserted and initialed in the margin without application to the justice who granted the original order, *held* that such extension was valid.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 378.*]

**4. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—PUNISHMENT FOR CONTEMPT.**
Plaintiff recovered judgment in the Municipal Court and filed a transcript in the office of the county clerk, whereby such judgment became a judgment of the Supreme Court out of which an execution was issued. *Held* that, where an order for examination in supplementary proceedings was issued by the City Court of New York, a motion to punish the judgment debtor for contempt in failing to appear was, under Code Civ. Proc. § 26, within the jurisdiction of the City Court.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

**5. ACTION (§ 64*)—"COMMENCE."**
The word "commence," as used in Code Civ. Proc. § 26, relating to a proceeding commenced before a judge of a court, means to start, to begin, to originate, to perform the first act of.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 725–734; Dec. Dig. § 64.*

For other definitions, see Words and Phrases, vol. 2, p. 1281.]

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. CONTINUANCE (§ 1*)—"CONTINUE."
    The word "continue," as used in Code Civ. Proc. § 26, providing that a special proceeding pending may be continued from time to time before one or more other judges of the court, means to keep up, to protract, or extend in duration, to extend, or to prolong.

    [Ed. Note.—For other cases, see Continuance, Dec. Dig. § 1.*

    For other definitions, see Words and Phrases, vol. 2, pp. 1507, 1508.]

7. ACTION (§ 64*)—"INSTITUTE."
    The word "institute," as used in Code Civ. Proc. § 26, authorizing a proceeding to be continued by a judge of the same court with like effect as if it had been "instituted" before the judge who last hears the same, means to originate, to establish, to set on foot.

    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 725–734; Dec. Dig. § 64.*

    For other definitions, see Words and Phrases, vol. 4, pp. 3660, 3661.]

Action by John S. Bridges against Edwin L. Koppelman. Judgment for defendant. Motion to punish judgment debtor for contempt. Granted.

Wilber, Norman & Kahn, for the motion.
William A. Hayes, opposed.

GREEN, J. This is a motion to punish the judgment debtor as and for a contempt of court in disobeying an order made by one of the justices of this court requiring him to appear for examination concerning his property in proceedings supplementary to execution. On the 16th day of November, 1908, an order was obtained in this proceeding, after the return of an execution unsatisfied, signed by Mr. Justice Green, requiring the judgment debtor to attend before one of the justices of this court on a day certain mentioned in the order. The exact date of the original return day is now unknown in consequence of the obliteration of the original date. Subsequently to the time of obtaining the original order, and without application to Mr. Justice Green, who signed the original order, an application was made to Mr. Justice Donnelly, another justice of this court, to change the date of the return day of the order in consequence of the inability to serve the same within the time originally set. Whatever the original return day was, is however, immaterial so far as this motion is concerned; but upon application to Mr. Justice Donnelly a new return day was set, and the "16th day of March, 1909," was designated by him as the new date upon which return should be made. This was accomplished by leaving intact and undisturbed the original signature of Mr. Justice Green at the end of the order; but the new return day was initialed in the margin of the order and opposite thereto as follows, "T. F. D., J. C. C.," so that the conceded fact is that the order was signed by Mr. Justice Green and a new date or extension thereof of the original date was initialed by Mr. Justice Donnelly without application to Mr. Justice Green. Upon the return day of the order as set by Mr. Justice Donnelly, to wit, on the 16th day of March, the judgment debtor failed to appear, and his default was duly noted. On the 22d day of March,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1909, an order was obtained from one of the justices of this court requiring the judgment debtor to show cause why he should not be punished as and for a contempt of court in failing to appear for examination and disobeying the order, of the justice granting the same.

The judgment debtor then appeared by counsel, who pleads to the jurisdiction of the court and contends that the proceeding should be dismissed and the motion denied upon the following grounds: First. That the affidavit to obtain the order for the examination of the judgment debtor is insufficient and is of no force or effect, for the reason that it is not made by the creditor or the attorney for the creditor or an agent for the creditor, but is made by a person who describes himself as "a clerk in the office of the attorneys for the above-named plaintiff;" that the affidavit is not made by any one claiming to have implied or actual authority from the creditor to make such an affidavit, and no reason is shown why the affidavit was not made by the creditor himself. Second. That the affidavit to obtain the order for examination does not state facts sufficient to give this court jurisdiction, as it alleges "that the aforesaid judgment was rendered upon service of the summons and complaint on defendant by substitution, as required by section 2458 of the Code of Civil Procedure," when in truth and fact substituted service of the summons was made upon the defendant in accordance with section 436 of the Code, which, however, is mentioned in section 2458 of the Code. Third. That the original order served upon the judgment debtor was signed by Mr. Justice Green, and the return day which was in the order when he signed it was, after he signed it, erased and another date inserted; that the altered date had been initialed by Mr. Justice Donnelly and not signed by Mr. Justice Green; and that consequently the order is a nullity. Fourth. That the judgment obtained herein was obtained in the Municipal Court, and that though a transcript has been filed in the office of the county clerk this court has no power to punish for contempt of orders arising out of proceedings on judgment of such courts.

Taking the objections in the order of their presentation, the first one is based upon the ground that the order is irregular because predicated upon the affidavit made by a clerk in the office of the attorney for the plaintiff, judgment creditor, and not upon the affidavit of the judgment creditor or his attorney, and that the said clerk nowhere states the source of his knowledge or information. Sections 2435 and 2436 of the Code of Civil Procedure relate to orders to examine judgment debtors both after and before the return of execution, and it is by those sections provided that "upon proof of the facts by affidavit or other competent written evidence" the creditor is entitled to an order for the examination of the judgment debtor. Considerable has been written and very much more has been said about this subject, particularly at Special Term, but under the provisions of the section in question no affidavit is required to obtain the order sought. It may be had upon affidavit or "other competent evidence," and need not necessarily be made by the judgment creditor or his attorney, and where a person makes the affidavit containing a positive statement of fact or a conclusion, presumptively within his knowledge, it is sufficient. It is true that in the case of Brown v. Walker, 54 Hun, 639, 8 N. Y. Supp. 59,

affirmed without opinion, 121 N. Y. 717, 24 N. E. 1101, it was held that:

"An affidavit in supplementary proceedings is insufficient when it fails to show that it is made by the judgment creditor or his attorney or some one authorized to make it in his behalf."

But in that case the court said:

"The question here is whether it should not appear by the affidavit that the proceeding is taken by the owner of the judgment. An attorney is an officer of the court, and when he makes an application describing himself as the attorney for the party his authority is assumed."

In the case at bar the affidavit is made by "a clerk in the offices of the attorneys for the above-named plaintiff," and this would seem to be sufficient to show either as an affidavit that the attorneys were authorized to make the application, or that it was made by a person acting in their behalf, or the affidavit may be received as "other competent written evidence," showing the right to the order under sections 2435 and 2436 of the Code of Civil Procedure. An affidavit need not necessarily be presented in order to predicate the special proceeding. It is not essential to give jurisdiction. Scott v. Durfee, 59 Barb. 390, decided in 1871. The order may be granted upon proof of the facts by affidavit or other competent written evidence. Code Civ. Proc. §§ 2435, 2436, case supra. "It is the rule that statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been made on information and belief, and unless it appears affirmatively, or by fair inference, that they could not have been and were not on such knowledge. But it must so appear, affirmatively or by inference, upon the face of the affidavit itself, and not by proof aliunde, furnished by the defendant." Ladenburg v. Commercial Bank, 5 App. Div. 220, 39 N. Y. Supp. 119; Crowns v. Vail, 51 Hun, 205, 4 N. Y. Supp. 324. In a case involving the sufficiency of an affidavit made by a managing clerk, the court said:

"The ground on which this appeal is made is that the affidavit on which the order was granted did not state facts sufficient to justify the conclusion, or, rather, that the affidavit stated a conclusion instead of facts."

But the court held that:

"An affidavit, made by the managing clerk of the attorney for the judgment creditor on a motion for the examination of a third party in supplementary proceedings, stating that said third party 'has personal property of George P. Nickels, the said judgment debtor above named, exceeding $10 in value,' is sufficient to warrant the issuance of an order for such examination." Bruen v. Nickels, 30 App. Div. 396, 51 N. Y. Supp. 325.

See, also, Miller v. Adams, 52 N. Y. 409.

I am therefore of the opinion that the affidavit of the clerk shows sufficient authority for the order and that the objection is untenable.

As to the second objection, the affidavit recites the fact that "the aforesaid judgment was rendered upon service of the summons and complaint on the defendant by substitution, as required by section 2458 of the Code of Civil Procedure," and while it is true section 436 of the Code of Civil Procedure is the section which relates to substituted service, still section 2458 refers to section 436 as to service by

substitution, and under which, if judgment be recovered, the judgment creditor is permitted to maintain the proceedings. The judgment debtor, so far as this averment is concerned, was not misled, and I am of the opinion that, taking the averment in the affidavit and both sections together, the objection is not good.

The third objection presents, however, an entirely different proposition. For many years—almost, it might be said, "from the time when the memory of man runneth not to the contrary"—until March 6, 1909, changes of the return days of orders in proceedings supplementary to execution were obtained, sanctioned and remained unquestioned by the simple method of obtaining the initialing of the new date by any justice of the court upon the margin of the order opposite the old date, which was stricken out and the new return day inserted. On March 6, 1909, appeared the decision of Mr. Justice Marean deciding that such orders were void, and in the Special Terms and Chambers of the various courts chaos reigned supreme. The learned justice decided that another judge "cannot extend the date on which the order is returnable" merely by alteration of the order without signing it. The following is his opinion:

"Vogel v. Ninmark, 62 Misc. Rep. 591, 116 N. Y. Supp. 825. This is a motion to punish the defendant for failure to obey an order in supplementary proceedings, made originally by Mr. Justice Stapleton, requiring the defendant to appear and be examined as to his property on August 31, 1908. The defendant not having been served, the order was subsequently altered by another justice by changing August 31st to September 29th. The latter justice's initials were written in the margin opposite the alteration to authenticate it. It was served, so altered, on September 9th. The defendant did not attend. The other justice had no more power to change Justice Stapleton's order than the man in the street. Another justice, after its alteration, could have signed it, making it his own order, but he had no power to alter it. It was no longer, after the alteration, an order of any justice. It was an absolute nullity, and the defendant was under no obligation to obey it. See Code Civ. Proc. § 772. Motion denied, with $10 costs to the defendant, to be paid by the plaintiff's attorney to the defendant."

After the publication in the Law Journal of this opinion, every lawyer in chambers appearing in opposition to a motion to punish a judgment debtor for contempt upon an order which had been initialed came armed and fortified with a copy of the Law Journal of March 6, 1909. Instantly there was produced by the attorney for the judgment creditor a copy of the Law Journal of March 7, 1907, containing a decision to the contrary handed down by my learned Brother, Chief Justice of this court, as follows:

"Bernstein v. Tracy. Failure to return the copy of the order served within 24 hours after the service was a waiver of the irregularity therein contained. The change of date in the order by a justice other than the one granting the order was authorized by sections 26 and 2462, Code Civ. Proc., and has been the uniform practice respecting orders for the examination of parties and witnesses in proceedings supplementary to execution. Motion to set aside service denied, without costs. Defendant's default will be opened, without terms, upon condition that he appear and submit to examination, pursuant to the order served upon him, at a time to be fixed in the order entered hereon. Settle order on one day's notice."

Hardly had the attorneys for respective litigants interested in the question here involved recovered their equilibrium, and before they had

a reasonable opportunity to "stop, look, and listen," there was handed down by another learned justice of this court, Mr. Justice Finelite, on March 9, 1909, the following memorandum, to wit:

"Cook v. Wood. The judgment creditor submits an order in supplementary proceedings which was allowed and signed by one of the justices of this court on the 23d day of February, 1909, made returnable on the 10th day of March, 1909, to have the date changed for the defendant, the judgment debtor, to appear on the 15th day of March, 1909, for the reason that he was unable to serve the judgment debtor with the order. He therefore asks that the same be changed to a later date as aforesaid by me. I am without authority to initial the order to change the date as requested, for the reason that under section 772 of the Code of Civil Procedure I have no power to change an order made by another justice, if by so doing the order becomes a nullity. Even if the court initialed the order of another judge by changing the date when the same is made returnable, and the defendant, the judgment debtor, being served with the same refuses to attend pursuant thereto, the court under those circumstances would be without power to punish the judgment debtor for failure to obey the order and could not punish him for a contempt of court. The only manner in which the court can change the date when the same is returnable from its original date made upon the judgment debtor would be by making it his own order by striking out the name of the judge who originally signed the order and by substituting his name in place thereof, making it his original order. Therefore I must decline to initial this order."

It is thus plainly evident that there now exists a wide difference of opinion as to the right to initial such orders, and it has now unfortunately devolved upon me to pass upon the same question, and I therefore proceed with that duty, with the hope that the appellate courts will soon pass upon this now mooted question and relieve the situation. Under the title of "Supplementary Proceedings" in the Code of Civil Procedure there are provided three remedies: First, an order made or warrant issued against a judgment debtor after the return of execution; second, an order made or a warrant issued against a judgment debtor after the issuing and before the return of execution; and, third, an order made after the issuing and either before or after the return of an execution against the person who has property of the judgment debtor or is indebted to him. Code Civ. Proc. § 2432. Each of the remedies provided by section 2432 of the Code is a special proceeding, "but an order made in the course thereof can be reviewed only as follows: (1) An order, made by a judge, out of court, may be vacated or modified by the judge who made it, as if it was made in an action; or it, or the order of the judge vacating or modifying it, may be vacated or modified, upon motion, by the court out of which the execution was issued." Code Civ. Proc. § 2433. "In order to entitle a judgment creditor to maintain either of the special proceedings authorized by this article, the judgment must have been rendered * * * and the execution must have issued out of a court of record; and either: (1) To the sheriff of the county where the judgment debtor has, at the time of the commencement of the special proceedings, a place for the regular transaction of business in person; or (2) if the judgment debtor is then a resident of the state, to the sheriff of the county where he resides." Code Civ. Proc. § 2458. "Either special proceedings may be instituted before a judge of the court, out of which * * * the execution was issued; or where it was issued to the city and county of New York from a court other than the city

court of that city, before a justice of the Supreme Court for that city, and county. * * * Where the judgment upon which the execution was issued was recovered in a district court of the city of New York, either special proceeding shall be instituted before a justice of the city court of the city of New York." Code Civ. Proc. § 2434.

These three sections have relation to these special proceedings and to the powers and duties of the judges and courts having jurisdiction over them. Were these sections all that were to be construed, the task would be simple; but pertinent to the question under discussion and necessary to be considered in conjunction therewith are other sections of the Code. Section 2462 of the Code of Civil Procedure provides as follows:

"Sections 26, 52 and 279 of this act apply to a special proceeding, instituted as prescribed in this article; and the judge before whom it is continued, as prescribed in either of those sections, is deemed to be the judge to whom an order or warrant is returnable, for the purpose of any provision of this or the next article."

Section 26 of the Code of Civil Procedure provides as follows:

"In the city and county of New York, and in the county of Kings, a special proceeding instituted before a judge of a court of record, or a proceeding commenced before a judge of the court, out of court, in an action or special proceeding pending in a court of record may be continued from time to time, before one or more other judges of the same court, with like effect, as if it had been instituted or commenced before the judge, who last hears the same."

Section 772 of the Code of Civil Procedure provides as follows:

"Where an order, in an action, may be made by a judge of the court, out of court, and without notice, and the particular judge is not specially designated by law, it may be made by any judge of the court in any part of the state; or, except to stay proceedings after verdict, report or decision, by a justice of the Supreme Court, or by the county judge of the county where the action is triable, or in which the attorney for the applicant resides. Where such an order grants a provisional remedy, it can be vacated only in the mode specially prescribed by law; in any other case, it may be vacated or modified, without notice, by the judge who made it, or, upon notice, by him, or by the court."

The question is thus presented whether under the sections quoted, and particularly under section 26, one judge may initial an order of another without invalidating the order originally made. If section 772 were standing alone, there could be no argument as to the correctness of the decision of Mr. Justice Marean; but section 26 must be considered as having been made part of the sections applicable to special proceedings under section 2462 of the Code, as well as by the language of the section proper. It seems that a special proceeding may be deemed commenced when the petition or order is presented. See Code Civ. Proc. § 3348.

The provisions of section 26 necessitate an examination of the meaning of some of the words used therein. Webster defines the word "commence" to mean to start, to begin, to originate, to perform the first act of. He defines the word "continue" to mean to keep up or maintain a particular condition, course, or series of actions, to unite, to connect, to protract or extend in duration, to carry onward, to extend, to prolong, to draw out at length. He defines "institute" to mean to originate, to establish, to set up, to ordain, to found, to organize, to begin,

to commence, to set on foot. In the light of these plain definitions, it is proper that we interpret section 26 of the Code by the interpolation of the meaning of the words used in their place and stead, and by substituting the recognized meaning for the actual language used we may be able to receive light upon the intention of the framers of that section. As recast, the section would read as follows:

"In the city and county of New York, and in the county of Kings, a special proceeding (instituted) originated, set up, founded, begun, commenced or set on foot before a judge of a court of record, or a proceeding (commenced) started, begun or originated before a judge of the court out of court, in an action or special proceeding pending in a court of record, may be (continued) kept up, maintained, protracted, extended in duration, carried onward, extended or prolonged from time to time before one or more other judges of the same court with like effect as if it had been (instituted or commenced) begun, commenced, set on foot or started or originated before the judge who last hears the same."

With the elimination of the words defined and the substitution of the recognized synonyms therefor, can it be said that the meaning of this section is at all doubtful? If the English language means anything to me, it seems clear that the power and authority to extend and continue the orders of one judge by another in these proceedings is found in the section referred to. My attention has been called to the case of McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9, an affirmance with a slight modification of an order made by me at Special Term, and in which the case of Webber v. Hobbie, 13 How. Prac. 382, was cited. In the case of Webber v. Hobbie the court said: .

"The remedy consists in a summary proceeding before one of the judges of this court, out of court, or a county judge. Jurisdiction is conferred upon the judge to make the order for the appearance and examination of the judgment debtor, by the presentation to such judge of an affidavit, showing the due return of the execution, and other facts prescribed in section 292. The power to entertain, continue, and conduct the proceedings, under this part of the Code, is a mere statutory authority, conferred, not upon the Supreme Court, but upon the judges as separate judicial officers, and must be strictly pursued. The judge can exercise no power not expressly given by the statute, or clearly implied," and "until the judge makes the final order for the application * * * of the funds in the hands of the receiver, his jurisdiction remains."

Riddle, in his work on Supplementary Proceedings ([3d Ed.] p. 19), says:

"No other judge at chambers has the right to interfere or make any order therein except when acting in his place as provided by statute"—cited in McAlpin v. Stoddard, supra.

It must be remembered that the decision in the case of Webber v. Hobbie was made at chambers in 1857, more than half a century ago, and that Mr. Riddle's work on Supplementary Proceedings (3d Ed.) was published in 1894, about 15 years ago. The decision referred to was under the old Code of Procedure, section 292 thereof, and which, among other things, provided that, when an execution was returned unsatisfied, the judgment creditor was entitled to an order from a judge of the court requiring the debtor to appear before such judge at a time and place specified in the order. The section further provided that after the issuing of the execution, and upon proof by affidavit of

a party or otherwise that the judgment debtor has property which he unjustly refuses to apply to the satisfaction of the judgment, such court or judge may by order require the appearance of the debtor.

It is thus seen that under section 292 of the old Code of Procedure two courses were open: If the execution were returned unsatisfied, the order had to be made by the judge of the court out of court. After the issuance of execution and proof that the judgment debtor had property which he refused to apply, then application could be made to the court or the judge. See Code Proc. § 292. The only provision in the old Code in reference to a continuance of proceedings before another judge is section 27, which provided:

"The judges shall at all reasonable times, when not engaged in holding court, transact such other business as may be done out of court. Every proceeding commenced before one of the judges in the First judicial district may be continued before another with the same effect as if commenced before him."

This section of the old Code, in effect over 50 years ago, was not so comprehensive as the present section 26, nor was there anything in the old Code making such section 27 of the old Code applicable to all special proceedings supplementary to execution, as is now provided by section 2462 of the present Code. For an intelligent comprehension of the intent of the Legislature in its enactment of the various sections of the Code relating to supplementary proceedings, we must take the scheme as a whole, and not a section apart. Section 26 of the Code was expressly made applicable to any special proceeding instituted as prescribed by the article relating to supplementary proceedings and so provided in section 2462 of the Code; and from an examination of these sections I am of the opinion that these proceedings may be continued by one judge to another, and that the extension by initial is a good and valid order, and affects not its validity, for such direction of change of date by initial is an order. McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9; Code Civ. Proc. § 767.

The last objection is based upon the fact that this court has not the power to punish as and for contempt committed against an order arising in proceedings upon judgments of the Municipal Court, and reference is made to two decisions sustaining that position handed down by a learned justice of this court, in the cases of Matter of Landis Machine Co., 63 Misc. Rep. 24, 117 N. Y. Supp. 305 and Katz v. Kosower, 63 Misc. Rep. 25, 117 N. Y. Supp. 316. I cannot agree with the conclusion there reached, and with the position there assumed I most emphatically dissent. Section 261 of the Municipal Court act (Laws 1902, p. 1565, c. 280) provides upon filing a transcript of a judgment of a Municipal Court in the office of the county clerk that "thenceforth the judgment is deemed a judgment of the Supreme Court and may be enforced accordingly." This does not mean that the City Court has no jurisdiction in proceedings supplementary to execution or in proceedings to punish as and for contempt disobedience of its order in proceedings therein; but it provides a method for the enforcement of the judgment as if it were a judgment of the Supreme Court, and there is no doubt but that both the Supreme Court and the City Court have

concurrent jurisdiction in proceedings upon such judgments. Section 2434 of the Code expressly provides that:

"Where the judgment upon which the execution was issued was recovered in a District Court of the City of New York, either special proceeding shall be instituted before a justice of the City Court of the City of New York."

Here is found express authority for the proceedings, and the question then arises: If this court has no power to punish for disobedience of orders in these proceedings, of what use is the power to issue the order? They would in almost every instance prove abortive, for none need be obeyed if the contention were true. In regard to this section Mr. Justice Seabury, in his work on City Court Practice, says:

"Section 2434 of the Code was intended to confer jurisdiction of either of the proceedings specified in section 2432 upon the judges of several different courts and to define the cases in which such jurisdiction might be exercised by some of them. To do this it first declares in very general terms that either special proceedings may be instituted before a judge of the court out of which the execution was issued. This broad language embraces every court of record authorized to enforce its judgments by execution, and the general power to institute the proceedings is nowhere limited by this section. In all cases therefore where the execution was issued out of the City Court a judge thereof may entertain these proceedings. The City Court also has jurisdiction under such section of proceedings supplementary to execution upon judgments recovered in any one of the Municipal Courts of the City of New York."

And he further says that notwithstanding the declaration of section 261 of the Municipal Court Act, supra, that the judgments of the Municipal Court when docketed in the county clerk's office shall be deemed judgments of the Supreme Court, nevertheless supplementary proceedings upon them may be brought in the City Court. See Seabury, City Court Practice, pp. 1049, 1050. See, also, on this point, Matter of Hottenroth v. Flaherty, 61 Misc. Rep. 108, 112 N. Y. Supp. 1111. As to the power to punish for contempt for disobedience of orders of this court in proceedings supplementary to execution arising upon judgments obtained in Municipal Courts there can be no question. Section 2457 of the Code provides that:

"A person who refuses, or without sufficient excuse neglects, to obey an order of a judge or referee, made pursuant to * * * provision of this article, * * * may be punished by the judge, or by the court out of which the execution was issued, as for a contempt."

By section 2434 of the Code jurisdiction in special proceedings upon judgments of the Municipal Courts is expressly reposed in the judges of this court; it will be noted, not in the court, but in the judges thereof, and the judges are given this power as separate judicial officers. Section 2457 provides that in case of disobedience as therein provided the party or person offending may be punished by the judge or by the court out of which execution was issued. This clearly gives the power to punish for such contempts to the Supreme Court, which is the court out of which the execution is issued, and also to the judge who had jurisdiction to make the order. The judge making the order for the examination of the judgment debtor is the judge referred to in the section, and it is idle to suppose that the Legislature intended to give the power over these proceedings and yet withhold the means necessary for their enforcement.

One other question has arisen about which while writing upon this subject it may be well to refer. Special Term orders and judges' orders are promiscuously presented punishing debtors and others for contempt. The orders obtained from justices of this court to examine judgment debtors on Municipal Court judgments are judges' orders, and orders punishing for contempt on Municipal Court judgments should be judges' orders, and not orders made at Special Term, for the reason that under section 2434 of the Code the judges of this court act only as separate judicial officers and have the power to entertain these proceedings arising on the judgments of Municipal Courts, and the power to punish is also given to the judge under section 2457, and not to the court. The case is different when the judgments are of the City Court, where the court may punish after the return of the order, and in such proceedings arising on City Court judgments the order should be entitled at Special Term and should not be a judge's order.

It may not be improper to say that the labor entailed upon the examinations of the questions herein involved will not have been in vain if the questions under discussion and presented in a plain manner be properly passed upon by the appellate tribunal upon the hearing of appeals from this court. An emphatic ruling upon the four questions presented, whether of approval or disapproval, will do much to assist the judges sitting at Special Term, to whom hundreds of these questions are presented during the course of a week by the attorneys for debtors and third parties, whose every effort seems to be strained in the direction of technical objection for the purpose of thwarting the examination and destroying the beneficial effects of the statutes in reference to these proceedings.

I am therefore of the opinion, after a review of the objections made, that the position of the judgment debtor is untenable, and his objections are therefore overruled. He is adjudged in contempt, and I fine him the amount of the judgment, $273.16, to be paid within 10 days after the entry of an order and the service of a copy thereof upon him, and when paid to be in full satisfaction of the judgment herein. To the end that these questions may be presented to the Appellate Term of the Supreme Court, if the judgment debtor will appeal this matter, and perfect his appeal with all convenient speed so that it can be heard by the June term of the said court, I will grant a stay of all proceedings pending the determination of the appeal to that court.

Motion granted.