(70 Misc. Rep. 506.)

### WARD v. STODDARD.

(Supreme Court, Appellate Term. January 10, 1911.)

1. EXECUTION (§ 378*)—SUPPLEMENTARY PROCEEDINGS—"SPECIAL PROCEEDING."

Under Code Civ. Proc. §§ 3333, 3334, defining a "special proceeding" as every prosecution other than an action for the enforcement or protection of a right or the redress or prevention of a wrong, and sections 2434 and 2454, authorizing a proceeding for the examination of a judgment debtor and providing that such proceeding may be discontinued by order, a supplementary proceeding for the examination of a judgment debtor is a "special proceeding," and when instituted it can only be continued by an order within sections 26 and 2433, providing that a special proceeding instituted before a judge may be continued by other judges of the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court, and that an order made by a judge may be vacated or modified by him.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 378.*]

2. EXECUTION (§ 378*)—SUPPLEMENTARY PROCEEDINGS—ORDERS—JURISDICTION OF COURT.

Under Code Civ. Proc. §§ 26, 2433, providing that a special proceeding may be continued by other judges of the same court, and providing that an order made by a judge may be vacated or modified by him, one justice of the City Court of the City of New York has power to continue supplementary proceedings instituted before another justice, but the continuance must be by an order duly signed, and an order requiring the debtor to appear for examination on a certain date may not be modified by another judge by merely changing the date in the original order before the service thereof, and placing in the margin opposite the change his initials, but the judge must indorse on the original order the statement that the proceeding is continued until a specified time, and he must sign the same either by his initials or his full name.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 378.*]

3. EXECUTION (§ 10*)—JUDGMENT—FILING OF TRANSCRIPT—EFFECT.

Where a transcript of a judgment of a Municipal Court of the City of New York is filed in the office of the county clerk of New York county, the judgment thereby becomes a judgment of the Supreme Court for purposes of enforcement.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 25–27; Dec. Dig. § 10.*]

4. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—JURISDICTION OF COURT.

Under Code Civ. Proc. §§ 2434, 2457, providing that, where a judgment on which execution was issued was recovered in the District Court of the City of New York, special proceedings shall be instituted before a justice of the City Court, and providing that one refusing to obey an order of a judge may be punished by the judge or by the court out of which the execution was issued, as for contempt, a supplementary proceeding on a judgment of the Municipal Court, a transcript of which has been filed in the office of the county clerk, can only be instituted before a justice of the City Court, and the only justice who may punish for a disobedience of an order in such a proceeding is the justice whose order is disobeyed, and another justice may not punish for contempt, and he can only issue an order to show cause returnable before the justice whose order has been disobeyed.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

Gavegan, J., dissenting.

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Thomas Ward, judgment creditor, against Charles H. Stoddard, judgment debtor. From an order of the City Court of the City of New York adjudging the debtor guilty of contempt of court, he appeals. Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Howard A. Sperry, for appellant.
William C. Relyea, for respondent.

BRADY, J. A judgment was rendered on January 24, 1902, for the sum of $46.06 in favor of the plaintiff against this defendant in the Municipal Court for the then Tenth District of Manhattan. The judg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment was docketed on January 29, 1902, in the office of the clerk of New York county and an execution issued thereon out of the Supreme Court by said clerk on February 6, 1902. On August 9, 1910, an order was made by Hon. Peter Schmuck, a justice of the City Court of the City of New York, requiring the defendant to appear before him, one of the justices of said court at chambers thereof, etc., on the 16th day of August, 1910, at 10 o'clock in the forenoon of that day, etc., to submit to examination in proceedings supplementary to execution. On September 13, 1910, the defendant judgment debtor was personally served with a paper, which was in all respects a copy of said order, except that the date "August 16th" was stricken out and the date "September 14th" substituted therefor, and in the margin of the paper opposite said change were written the letters, "E. B. L. J. C. C." It is claimed by the respondent that the original order of Justice Schmuck was presented to Hon. Edward B. La Fetra, a justice of the City Court sitting at chambers on August 16, 1910, at 10 a. m. for extension, and that the return date was altered from August 16, 1910, to September 14, 1910, and that said justice thereupon wrote upon the margin opposite said date the initials, "E. B. L. J. C. C.," to authenticate said change. The defendant failed to appear for examination or otherwise on September 14, 1910, and his default was noted. Thereafter on September 30, 1910, an order to show cause why said debtor should not be punished for contempt was procured, and on the return day, October 6, 1910, the debtor appeared specially by counsel and objected to the jurisdiction of the court to make the order. The Honorable Edward F. O'Dwyer, Chief Justice of the City Court presiding at chambers upon the return of said order to show cause, after due deliberation adjudged the debtor in contempt and fined him the amount of the judgment and interest thereon, with $20 costs, aggregating $90.01 and made the order from which the judgment debtor appeals.

For the purposes of this appeal, it may be assumed as fact that Justice Edward B. La Fetra of the City Court of the City of New York was presiding at chambers of said court, the place mentioned in the order of Justice Schmuck on the 16th day of August, 1910, at 10 o'clock in the forenoon and wrote his initials opposite the alteration in the date of the original order of Justice Schmuck. The question then arises whether the order of Justice Schmuck was thereby legally extended, or, in other words, whether one judge possesses the right in such circumstances to alter or extend the order of another judge.

It is quite true that for many years such practice was followed in all the courts having jurisdiction of supplementary proceedings and had never been questioned.

In Vogel v. Ninmark, 62 Misc. Rep. 591, 116 N. Y. Supp. 825, however, decided at Special Term in the Second Department of this court in March, 1909, it was held that such an alteration was unauthorized and the order a nullity. The correctness of this determination was discussed and criticised by the Special Term of the City Court of the City of New York in a very interesting opinion written in Bridges v. Koppelman, 63 Misc. Rep. 27, 117 N. Y. Supp. 306, in April, 1909. As matter of fact, the authority of the former case has been recognized by all justices of this court sitting in Special Term, Part 2 in this

Department, and alterations are now made only by the justice who signed the original order. Authority for such extension by one judge of an order made by another is alleged to be found in section 26, Code Civ. Proc., which provides that:

"In the First and Second judicial districts, a special proceeding instituted before a judge of a court of record or a proceeding commenced before a judge of the court, out of court, in an action or special proceeding pending in a court of record may be continued from time to time before one or more other judges of the same court with like effect as if it had been instituted or commenced before the judge who last hears the same."

It may be true that the proceeding was instituted by the signing of the order of Justice Schmuck, and that proposition was ably argued by the justice writing the opinion in Bridges v. Koppelman, supra; but I doubt that the mode adopted for the continuance by initialing simply was legal. A proper service of the order would require the exhibition of the original with the judge's signature thereon, and, as the order so served would contain the direction of two judges, the signatures of both judges must necessarily appear thereon with sufficient words to indicate the intent of the judge making the extension.

We are inclined, however, to follow the authority of Vogel v. Ninmark, supra, and, as the order directing the defendant to appear for examination was a nullity when served, a discussion of the many other points raised by the appellant becomes unnecessary.

Order reversed, with $10 costs and disbursements, and motion denied.

GAVEGAN, J., dissents.

GIEGERICH, J. (concurring). I concur in the result reached by Justice BRADY in this case. I am of the opinion, however, that one justice of the City Court has power and authority to continue supplementary proceedings instituted before another justice. It was held in Vogel v. Ninmark, 62 Misc. Rep. 591, 116 N. Y. Supp. 825, that an alteration of an order in such proceedings similar to the one made in the order in the case at bar was unauthorized, and that the order was a nullity. In the case of Bridges v. Koppelman, 63 Misc. Rep. 27, 117 N. Y. Supp. 306, as stated by Mr. Justice BRADY, there is a very interesting opinion, and the learned justice writing that opinion points out clearly that section 26 of the Code of Civil Procedure confers "power and authority to extend and continue the orders of one judge by another in these proceedings." Authority for this may also be found in the carefully considered opinion of that learned jurist Mr. Justice Gildersleeve in the case of Matter of Buchsbaum v. Laue, 63 Misc. Rep. 374, 376, 118 N. Y. Supp. 419, in which he said:

"Section 26 declares that in the city and county of New York a special proceeding, instituted before a judge of a court of record, etc., may be continued, from time to time, before one or more other judges of the same court, etc.; and section 2462 of the Code declares that sections 26, 52, and 279 apply to a special proceeding instituted as prescribed therein, and the judge before whom it is continued, as prescribed in either of those sections, is deemed to be the judge to whom an order is made returnable. Section 279 is evidently

not the section intended by the codifier, as it has no reference to special proceedings; section 771 doubtless being the section intended."

See, also, Morrison v. Stember, 49 Misc. Rep. 464, 98 N. Y. Supp. 850.

The Bench & Bar, in commenting upon the decision in Vogel v. Ninmark, said that section 26 was "undoubtedly enacted so that, in the counties mentioned where the volume of business is great, all matters in the nature of supplementary proceedings could be carried on in one part of the court, before any judge there sitting." Bench & Bar, vol. 16, March, 1909, pp. 87, 88.

The courts ought to carry out in the simplest way possible the evident intent of the Legislature, where it will tend to lighten the labors of the judges, with due regard to the substantial rights of parties.

These proceedings are designated in the Code of Civil Procedure as special proceedings (sections 2434, 3333, 3334); and section 26 declares that "a special proceeding instituted," etc. When can it be said that such proceeding has been "instituted"? It is urged by the appellant herein that these proceedings are not instituted until the order is served. In the case of Bridges v. Koppelman, supra, it was held that they were instituted when the petition or order was presented. Code Civ. Proc. § 3348. Perhaps, in the case at bar, it is not important to determine this question. It is safe to say that the proceedings must be commenced or instituted, either when the affidavit containing the jurisdictional facts is presented to the judge having authority to issue an order thereon, or that such proceedings are instituted when the order is actually signed by the justice and issued for service, as was the fact in the case at bar. When the order is issued, it must be under the hand of the justice making it, and, when served, such service must be made by exhibiting the original order under the hand of the judge making it. Section 2452, Code Civ. Proc. If, for any reason, the original order cannot be served within the time specified, how is the proceeding to be "continued"? Undoubtedly, if it were not for the provisions of section 26, supra, a new or supplemental order would have to be obtained upon proof of nonservice of the original order and a compliance with rule 25 of the General Rules of Practice. If, however, the judgment creditor desires to procure a continuance of the proceeding under section 26, supra, it is clear that it can only be done by an order of a judge of the same court. I do not think that merely changing the date in the original order, and placing in the margin thereof, opposite such change of date, several letters, possibly representing the initials of the justice who thus attempts to continue the proceeding, can be considered an order; nor is it sufficient to authorize the punishment of the judgment debtor as for a contempt for failure to appear upon the date named therein.

In Bridges v. Koppelman, supra, the case of McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9, is cited as an authority for holding: "For such direction by change of date by initial is an order." With all due respect for the learned justice who wrote the opinion in Bridges v. Koppelman, I can find nothing in McAlpin v. Stoddard that is authority for any such proposition. In McAlpin v. Stoddard

the judgment creditor had obtained an order for the examination of his debtor, which order and the affidavit upon which it was based was entitled in an action in the City Court. Upon the debtor's objecting to the validity of the order, the justice indorsed upon the order these words:

"Proceeding dismissed upon objection made by judgment debtor that proceeding is entitled in an action, with leave to renew—No costs—J. I. G. J. C. C."

And this court held that:

"The indorsement upon the order for the judgment debtor's examination of the words hereinbefore quoted constituted an order."

It is conceded herein that the letters E. B. L. are the initials of Mr. Justice La Fetra, and that the letters J. C. C. mean justice of the City Court. It is also admitted that the original order was signed by Mr. Justice Schmuck. If, therefore, Mr. Justice La Fetra had indorsed upon the original order these words, or others to like effect, "the within order not having been served the proceeding is hereby continued until the ———— day of ———— at which time the judgment debtor is required to appear for examination. Dated, etc."—and had signed the same either by his initials or full name, it would have constituted an order and would have had the effect of legally continuing the proceeding, and the debtor would have been liable to punishment for willfully disobeying such order of continuance. Section 2433 of the Code of Civil Procedure undoubtedly governs these proceedings, and that section provides that:

"An order made by a judge out of court may be vacated or modified by the judge who made it, as if it was made in an action, or it, or the order of the judge vacating or modifying it may be vacated or modified upon motion, by the court out of which the execution was issued."

This section contains the only authority given a judge to vacate or modify an order, and that must be done by the judge who made it. When, therefore, Mr. Justice La Fetra altered or changed the order of Mr. Justice Schmuck, he did it without power, and he had no more authority to do so "than the man in the street." Vogel v. Ninmark, supra. This is undoubtedly the reason for the adoption of the rule, referred to by Mr. Justice BRADY as being now in force in Special Term, Part 2, Supreme Court.

Supplementary proceedings can be instituted only by an order; they can only be discontinued or dismissed by an order (section 2454, Code Civ. Proc.); and it is clear that they can only be continued by an order. The proceedings are statutory, and the statute must be strictly followed. The only object of a resort to these proceedings is to aid the creditor in collecting his judgment. Punishment for contempt in such a proceeding is not to avenge the dignity of the court, but to enforce the rights of the plaintiff in the action. "The consequences of contempt are serious and often severe, and before a party can be subjected to them a strict compliance with the practice has been required to be observed." McCaulay v. Palmer, 40 Hun, 38–40. The proceedings in the case at bar had not been legally continued, and the order served upon the judgment debtor was void.

One other point is raised by the appellant herein, which it may be well to determine in order to furnish a guide for other cases which may arise in the future.

The order to show cause upon which the judgment debtor herein was adjudged guilty of contempt was issued by Chief Justice O'Dwyer of the City Court. The judgment in the action was obtained in the Municipal Court. A transcript thereof was filed in the office of the county clerk of New York county, and it thereby became a judgment of the Supreme Court for the purposes of enforcement. Friedman v. Met. S. S. Co., 109 App. Div. 600, 96 N. Y. Supp. 331. An execution was issued out of the Supreme Court and returned unsatisfied, before the supplementary proceedings were commenced. Section 2457 of the Code of Civil Procedure provides:

"A person who refuses or without sufficient excuse neglects to obey an order of a judge or referee made pursuant to the last two sections or to any other provision of this article * * * may be punished by the judge, or by the court out of which the execution was issued, as for a contempt."

Section 2434 of the Code of Civil Procedure provides that:

"Where the judgment upon which the execution was issued was recovered in a District Court of the City of New York either special proceeding shall be instituted before a justice of the City Court of the City of New York."

It will be seen that supplementary proceedings upon judgments of this kind can only be instituted before a justice of the City Court. The rule is laid down by the learned justice in the case of Bridges v. Koppelman, supra, and I can put it in no better form than by quoting therefrom:

"By section 2434 of the Code jurisdiction in special proceedings upon judgments of the Municipal Court is expressly reposed in the judges of this court; it will be noted, not in the court, but in the judges thereof, and the judges are given this power as separate judicial officers. Section 2457 provides that in case of disobedience as therein provided the party or person offending may be punished by the judge or by the court out of which execution was issued. This clearly gives the power to punish for such contempts to the Supreme Court, which is the court out of which the execution is issued, and also to the judge who had jurisdiction to make the order. The judge making the order for the examination of the judgment debtor is the judge referred to in the section, and it is idle to suppose that the Legislature intended to give the power over these proceedings and yet withhold the means necessary for their enforcement. * * * Special Term orders and judges' orders are promiscuously presented punishing debtors and others for contempt. The orders obtained from justices of this court to examine judgment debtors on Municipal Court judgments are judges' orders, and orders punishing for contempt on Municipal Court judgments should be judges' orders, and not orders made at Special Term, for the reason that under section 2434 of the Code the judges of this court act only as separate judicial officers and have the power to entertain these proceedings arising on the judgments of Municipal Courts, and the power to punish is also given to the judge under section 2457 and not to the court."

It follows, also, that the only judge who has the power to punish for a disobedience of an order in such a proceeding is the judge whose order is disobeyed. Chief Justice O'Dwyer therefore had no power to punish the judgment debtor herein for disobeying an order of Mr. Justice Schmuck or of Mr. Justice La Fetra. He could have issued

an order to show cause returnable before the judge whose order had been disobeyed, but further than that he could not go.

The order should be reversed, with $10 costs and disbursements, and the motion denied.