### BIRD v. WESSELS et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. EXECUTION (§ 388\*)—SUPPLEMENTARY PROCEEDINGS—NEW ORDER FOR EXAMINATION.

   A new order for examination of the third party in supplementary proceedings cannot be made at Special Term.

   [Ed. Note.—For other cases, see Execution, Dec. Dig. § 388.\*]

2. EXECUTION (§ 419\*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—PUNISHMENT—NOMINAL FINE.

   Imposition of a $10 fine on the third party in supplementary proceedings for contempt is unauthorized, where, if guilty of contempt, more than a nominal fine should be imposed.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1202; Dec. Dig. § 419.\*]

3. ATTORNEY AND CLIENT (§ 24\*)—COSTS.

   Costs on motion in a special proceeding, while discretionary, cannot. be imposed on the attorney, except in the form of a fine.

   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.\*]

4. ATTORNEY AND CLIENT (§ 24\*)—FINES—IMPOSITION ON ATTORNEY.

   Mistaken zeal on the part of an attorney, not coupled with deceit or other improper conduct, cannot be punished by imposition of costs on him as a fine.

   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.\*]

5. COSTS (§ 230\*)—ON APPEAL.

   Each order appealed from being partially sustained, no costs will be granted.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 869–876; Dec. Dig. § 230.\*]

Appeal from City Court of New York, Special Term.

In the matter of supplementary proceedings concerning Carro A. Bird, judgment creditor, and Edward J. Wessels, judgment debtor, together with Frederick W. Smallman, third party, and Gordon Ireland,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

attorney. From various orders and "memoranda," Smallman and Ireland appeal. Reversed in part, and affirmed in part.

Appeal is taken from a "memorandum," and order entered in "amplification" thereof, punishing the third party appellant for contempt, from a "memorandum," and the order entered in "amplification" thereof, denying a motion to vacate an order for the examination of the third party in supplementary proceedings, and from the "memorandum" indorsed on certain motion papers. In the second record on appeal, appeal is taken by the third party and his attorney from an order denying a motion to vacate a certain order.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Gordon Ireland, for appellants.
John W. Remer, for respondent.

LEHMAN, J. The judgment creditor, on the 15th day of April, 1909, obtained an order for the examination of the third party herein. This order was vacated April 27, 1909. A new order for the examination of the third party was obtained April 27th, returnable April 29th. An order to show cause why the third party should not be punished for contempt, returnable May 4, 1909, was obtained on April 29th. The motion was granted by a memorandum or order filed May 6th. At least one, and possibly three, motions were made and denied to vacate the order for the examination of the third party, and a formal order was filed on May 14, 1909, denying the motion to vacate and granting the order to punish for contempt. An order by another justice, denying the motion to vacate, was made and entered on the 12th day of May, 1909. A motion to resettle the last order was made and denied on the 21st day of May, 1909. A formal order was entered thereon, on May 24, 1909, and a motion to vacate such order was made and denied on June 10, 1909. This string of orders is so tangled that even the appellant does not know how to find the actual issues, but has appealed from memoranda, as well as orders, by a notice of appeal which a justice of the Appellate Term has already, perhaps too kindly, denominated as "inartificially drawn," but valid, so far as it purports to be an appeal from the orders entered May 12th and 14th. A notice of appeal served thereafter brings up for review the orders of May 24th and June 10th.

The order of May 14th, granting the motion to punish, imposes in form $10 costs; but actually it appears to me to impose a fine of that amount and to order the third party to appear on May 7, 1909. The latter provision is practically a new order for the examination of the third party, and cannot be made at Special Term. McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9. The provision punishing for contempt by the imposition of $10 costs or a $10 fine is also unauthorized. If the third party was guilty of contempt, and the proceedings to punish him were regularly conducted, he should have suffered more than a nominal fine. If there was no contempt, or the proceedings were irregular, he should not have been punished at all. Mitchell v. Loderman (Sup.) 97 N. Y. Supp. 1006.

The order of May 14th should be reversed, and the motion denied. The order of May 12th should be affirmed. The order of May 24th

should be modified, by striking out the provision for the payment of costs. Costs upon a motion in a special proceeding are discretionary; but they cannot be imposed upon the attorney, except in the form of a fine. No basis for the punishment of the attorney appears in this case. Mistaken zeal, not coupled with deceit or other improper conduct, should not be punished in this form by any court. The order of June 10th should be affirmed.

Each appeal having been partially sustained, no costs should be granted to either party. All concur.