### CONSOLIDATED AGENCY CO. v. TOWNSLEY.

(Supreme Court, Special Term, New York County.  May, 1911.)

EXECUTION (§ 392*)—SUPPLEMENTARY PROCEEDING—EXAMINATION—ORDERS—ENTRY.

   In proceedings supplementary to execution, where an order for the examination of the debtor was dismissed, with the indorsement, "The judgment creditor having been duly called and not appearing, its default is noted, and the within proceeding is dismissed," the debtor cannot object to the present order for his examination, on the ground that no order was made upon the former decision; for, under Code Civ. Proc. § 767, such an indorsement is an order, and, if the entry thereof is required, it is the duty of the successful party to make it.
   [Ed. Note.—For other cases, see Execution, Dec. Dig. § 392.*]

In the matter of proceedings supplementary to execution by the Consolidated Agency Company against Henry P. Townsley.  On defendant's motion to vacate an order.  Motion denied.

Harry N. Salvage, for the motion.

Joseph G. Fenster, opposed.

GIEGERICH, J.  The former order in proceedings supplementary to execution bears the indorsement that:

"The judgment creditor having been duly called on April 4, 1911, and not appearing, its default is hereby noted, and the within proceeding dismissed."

It was held by the Appellate Term in McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9, that such an indorsement constituted an order as defined by section 767 of the Code of Civil Procedure, and that, if entry thereof is required, it is the duty of the judgment debtor to enter the order.  The point urged by the latter that no order was made upon such decision is, therefore, not well taken, and the motion to vacate the present order for the debtor's examination is therefore denied, with $10 costs, and he is directed to submit to examination at a time and place to be designated in the order to be entered hereon.

Settle order on notice.