(49 Misc. Rep. 437.)

### FINE v. RABINBAUER et al.

(Supreme Court, Special Term, New York County. February, 1906.)

1. INJUNCTION—ACTION BY RECEIVER.

    Plaintiff, a receiver of a debtor, sued to recover from an alleged fraudulent assignee certain judgments which the latter had recovered on assigned claims. *Held*, that, where the validity of the assignments was in doubt, defendant would be enjoined from collecting the same pending the action.

    [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 97.]

2. EXECUTION—SUPPLEMENTAL PROCEEDINGS—RECEIVERS.

    Under Code Civ. Proc. § 2434, the City Court of New York, on supplemental proceedings arising out of a judgment recovered in a Municipal Court in Brooklyn, may appoint a receiver.

Action by Abraham Fine against Samuel Rabinbauer and others. Motion by plaintiff as receiver to restrain defendant Rabinbauer from collecting or issuing execution on certain judgments recovered by him against the defendant Schierloh. Ordered accordingly.

Henry Kuntz, for plaintiff.
Huth & Baker, for defendant Schierloh.
Jacob Rieger, for defendant Rabinbauer.

BLANCHARD, J. This is a motion by the plaintiff, as receiver of the assets of Buchbaum, a judgment debtor, to restrain the defendant Rabinbauer from collecting or issuing execution upon certain judgments recovered by Rabinbauer against the defendant Schierloh during the pendency of this action, which judgments are alleged to have been recovered by Rabinbauer upon claims fraudulently assigned to Rabinbauer by Buchbaum. The action is brought by plaintiff for the purpose of declaring said judgments to belong to plaintiff as receiver of the

property of said Buchbaum. Plaintiff was appointed receiver in supplementary proceedings in the City Court upon judgments recovered by Saltzman and Gomberg, respectively, in the Municipal Court, Brooklyn, Third district. The judgments whose collection is sought to be enjoined were recovered by Rabinbauer in the Municipal Court in Manhattan, Fifth district. The claims upon which the latter judgments were based are alleged by Buchbaum and Rabinbauer to have been assigned in consideration of a pre-existing indebtedness and a cash payment, equal to the balance in value of said claims. This consideration, however, is denied in the moving affidavits, and upon all the facts seems doubtful. Upon the facts disclosed in all the affidavits, it seems proper that an injunction should issue.

The contention of defendants that the present plaintiff was improperly appointed receiver in the City Court upon supplementary proceedings arising out of a judgment recovered in a Municipal Court in Brooklyn is refuted by section 2434 of the Code of Civil Procedure.

The further contention that certain moneys deposited by Buchbaum with Saltzman are available to discharge the judgments which were the subject of the present supplementary proceedings has already been twice considered—once when raised as a defense to the action which resulted in said judgments, and once upon a motion made before this court so to apply said moneys. In both instances the money thus deposited was held not available for this purpose, and the present court is bound by these decisions.

The defendant Rabinbauer should be enjoined from collecting the judgments which he recovered against Schierloh, and Schierloh should be enjoined from paying said judgments to Rabinbauer or his assigns during the pendency of this action.

Ordered accordingly.