HOTTENROTH v. FLAHERTY.

(Supreme Court, Appellate Term. November 24, 1908.)

1. COURTS (§ 187\*)—DISTRICT COURTS OF NEW YORK—MUNICIPAL COURTS.
   The Municipal Courts of New York City are merely a continuation of the district courts.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 187.\*]

2. COURTS (§ 189\*)—MUNICIPAL COURTS—SUPPLEMENTARY PROCEEDINGS—JURISDICTION.
   Code Civ. Proc. § 2434, providing that where judgment upon which execution was issued was recovered in a district court of New York City, now known as the Municipal Court, supplementary proceedings shall be brought before a justice of the City Court, was not repealed by Municipal Court act (Laws 1902, p. 1565, c. 580), § 261, authorizing filing of a transcript of a Municipal Court judgment, and providing that "thenceforth the judgment is deemed a judgment of the Supreme Court and may be enforced accordingly," so that, when a transcript of a Municipal Court judgment is docketed in the county clerk's office, the judgment becomes, under section 261, thenceforth a judgment of the Supreme Court which "may" be enforced as such, but supplementary proceedings may be brought under section 2434 before a City Court justice.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.\*]

3. COURTS (§ 189\*) — MUNICIPAL COURTS — SUPPLEMENTARY PROCEEDINGS—EXAMINATION — AFFIDAVIT FOR—SUFFICIENCY—"DULY RECOVERED"—"DULY GIVEN."
   While, in pleading the judgment of an inferior court, the facts showing the jurisdiction must be alleged or the pleader may, under Code Civ. Proc. § 532, state that the judgment was "duly given or made," an allegation in an affidavit for an examination in supplemental proceedings in the New York City Court on a Municipal Court judgment that the judgment was "duly recovered" was equivalent to an allegation that it was "duly given."
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.\*
   For other definitions, see Words and Phrases, vol. 3, pp. 2262–2263, 2264.]

Appeal from City Court of New York.

In the matter of supplementary proceedings by Adolph C. Hottenroth, judgment creditor, against Robert Flaherty, judgment debtor.

From an order refusing to vacate an order for examination, the judgment debtor appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Augustine H. McMahon, for appellant.
F. W. Hottenroth, for respondent.

SEABURY, J. The judgment debtor moved to vacate the order in supplementary proceedings upon two grounds, which require our consideration. These grounds are as follows: First, that jurisdiction of supplementary proceedings upon Municipal Court judgments where a transcript has been filed and an execution issued to a sheriff belongs exclusively to the Supreme Court; and, second, that the affidavit upon which the order was made was fatally defective in not setting forth the facts establishing the jurisdiction of the Municipal Court in which the judgment was recovered. The question whether supplementary proceedings can be instituted in the City Court of the city of New York upon judgments recovered in the Municipal Court when a transcript has been filed in the office of the county clerk can only be determined from a review of the statutory provisions in relation to the subject. Confusion in regard to the matter has several times arisen from the fact that section 2434 of the Code of Civil Procedure provides that " * * * where the judgment upon which the execution was issued was recovered in a district court of the city of New York, either special proceeding shall be instituted before a justice of the City Court of the city of New York"; while section 261 of the Municipal Court act (Laws 1902, p. 1565, c. 580) authorizes the filing of a transcript of a judgment of the Municipal Court with the county clerk and the docketing of such judgment, and provides that "thenceforth the judgment is deemed a judgment of the Supreme Court and may be enforced accordingly." When considered with reference to the Municipal Court, it is necessary that section 2434 of the Code and section 261 of the Municipal Court act should be read together as if they constituted one statute. In this manner only can the true meaning of both provisions be ascertained. It is not to be presumed that these provisions are inconsistent or that section 261 of the Municipal Court act repealed by implication that part of section 2434 of the Code which provides for the institution of such proceedings before a justice of the City Court.

The contention that the Supreme Court has exclusive jurisdiction of these proceedings is based upon the assumption that the last paragraph of section 2434 of the Code applies only to judgments rendered by the former district courts of the city of New York. That this assumption is unwarranted appears from the fact that the former district courts of the city of New York and the present Municipal Court are not different tribunals. The fact is that they are but one tribunal, which, at different periods, the Legislature has designated by different names. The Municipal Courts of the city of New York are simply a continuation of the district courts which formerly existed under that name. Worthington v. London G. & A. Co., 164 N. Y. 81, 58 N. E.

102. Prior to the time when the Greater New York charter went into effect, the practice prevailing upon this subject in the district courts was governed by the provisions of the consolidation act. Chapter 410, p. 1, Laws 1882. Section 1392 of the consolidation act contained provisions similar to those now contained in section 261 of the Municipal Court act, and provided that, after filing a transcript of a judgment recovered in the district court in the county clerk's office and the docketing thereof, "thenceforth the judgment is deemed a judgment of the court of common pleas and must be enforced accordingly." The Constitution of 1894 merged the court of common pleas of New York county into the Supreme Court and took effect January 1, 1896. Const. 1894, art. 6, § 5. Section 1392 of the consolidation act was unaffected by the adoption of the Constitution of 1894, except that the Supreme Court succeeded to the rights and powers formerly exercised by the Court of Common Pleas.

In 1897 section 2434 of the Code of Civil Procedure was amended so as to provide for the institution of supplementary proceedings upon a judgment rendered in the district court before a justice of the City Court of the city of New York. Chapter 476, p. 608, Laws 1897. Section 1350 of the charter abolished certain inferior courts, and by section 1351 continued, consolidated, and reorganized the district courts of the city of New York and the city of Brooklyn under the name of the Municipal Court of the city of New York. The Municipal Court act went into effect in 1903 (chapter 580, p. 1486, Laws 1902), and section 261 thereof was substantially a re-enactment of section 1392 of the consolidation act. The only changes in reference to this subject being that it made reference to the Supreme Court, instead of the court of common pleas and provided that such judgments "may be enforced accordingly," whereas section 1392 of the consolidation act provided that such judgments "must be enforced accordingly." The first change was made necessary by reason of the merger of the court of common pleas in the Supreme Court, which was effected by the Constitution of 1894. Thus it is evident that as section 2434 of the Code was amended so as to confer jurisdiction in these proceedings upon a justice of the City Court subsequent to the adoption of section 1392 of the consolidation act which provided for making such judgments enforceable in the court of common pleas, the Legislature did not deem section 2434 of the Code as inconsistent with section 1392 of the consolidation act. It is also evident that, if the Legislature regarded these two provisions as consistent as it evidently did, the continuation of this same situation, which was affected by the adoption of section 261 of the Municipal Court act substantially re-enacting section 1392 of the consolidation act, cannot be construed as a repeal of the last paragraph of section 2434 of the Code of Civil Procedure. It follows that section 2434 of the Code of Civil Procedure was not repealed, either directly or by implication, by section 261 of the Municipal Court act, and that these two provisions are to be so construed as to give effect to both and render their provisions harmonious. When a transcript of a judgment recovered in the Municipal Court is filed and docketed in the office of the county clerk, such judgment becomes under section 261 of the Municipal Court act

thenceforth a judgment of the Supreme Court which may be enforced as such, but supplementary proceedings upon such judgment may be instituted by the direct authority of the last paragraph of section 2434 of the Code before a justice of the City Court of the city of New York.

It is further urged by the appellant that the affidavit upon which the order was made was fatally defective in not setting forth the facts establishing the jurisdiction of the Municipal Court in which the judgment was recovered. The affidavit contains an allegation that the judgment "was duly recovered." It is true that in pleading the judgment of an inferior court the facts showing the jurisdiction must be alleged or the pleader may under section 532 of the Code of Civil Procedure state the judgment "to have been duly given or made." I think the allegation contained in the affidavit that the judgment was "duly recovered" was equivalent to compliance with the literal requirements of the statute. It has frequently been held that to allege merely that a judgment was "recovered" is insufficient, as it does not show the judgment to have been "duly" given. The word "duly" has a comprehensive legal meaning which is not easily expressed by any other single word. But in the affidavit now under consideration the word "duly" is used, and the allegation that the judgment was "duly recovered" is equivalent to the allegation that the judgment was "duly given." Hunt v. Dutcher, 13 How. Prac. (N. Y.) 539.

The order appealed from is affirmed, with $10 costs and disbursements to the respondent. All concur.