(63 Misc. Rep. 374.)

### BUCHSBAUM v. LAUE et al.

(Supreme Court, Special Term, New York County. May, 1909.)

EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—PUNISHMENT FOR CONTEMPT.

Where proceedings supplementary to execution are pending before a judge of the City Court of New York, he can entertain an application to punish a judgment debtor for contempt in disobeying an order made in such proceedings, so that recourse should be had to him for such purpose, rather than to the Supreme Court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Action by Aaron Buchsbaum against William Laue and Martin Laue. Motion in supplementary proceedings to punish defendants for contempt.

Isaac Fromme, for judgment creditor.

GILDERSLEEVE, J. This is a motion to punish the defendants herein for contempt. It appears by the moving papers that the judgment creditor herein recovered a judgment against the defendants on March 8, 1906, in the Municipal Court of this city for $215. A transcript of such judgment was filed in the county clerk's office of this county on March 14, 1906, and thereafter an execution was duly issued against the property of said debtors which was returned partial-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ly unsatisfied. Thereupon an order for the examination of said debtors, supplementary to execution, was obtained from one of the City Court justices, which order contained the usual injunction clause prohibiting the judgment debtors from transferring or making any other disposition of their property not exempt by law from execution, or in any manner to interfere therewith until further order. This order was duly served, and the debtors appeared for examination in pursuance thereof, and it is claimed that such examination disclosed that the said debtors had paid out certain sums of money in violation of said injunction order, and were therefore guilty of contempt. The judgment creditor claims that this motion can only be made in this court, and that the City Court has no jurisdiction to entertain a motion or to make an order punishing a debtor for contempt of court in a case where the judgment was originally obtained in the Municipal Court. Section 261 of the Municipal Court act (Laws 1902, p. 1565, c. 580) declares that, when a transcript of a judgment rendered in that court is filed in the county clerk's office, "thenceforth the judgment is deemed a judgment of the Supreme Court, and may be enforced accordingly." Section 2434 of the Code of Civil Procedure provides that:

"Where the judgment upon which the execution was issued was recovered in a District Court of the city of New York, either special proceeding shall be instituted before a justice of the City Court of the city of New York."

Section 2457 of the Code provides:

"A person who refuses * * * to obey an order of a judge, * * * made pursuant to the last two sections, or to any other provision of this article * * * may be punished by the judge, or by the court out of which the execution was issued, as for a contempt."

A reading of this last section in connection with the other sections bearing upon the question clearly indicates that either "the judge" or the "court out of which the execution was issued" can punish for contempt. In the case of McAlpin v. Stoddard, 54 Misc. Rep. 647, 105 N. Y. Supp. 9, the Appellate Term pointed out that the power to entertain these proceedings is statutory, and is conferred upon the judges as separate judicial officers. Section 2433 of the Code, which has reference to the vacation or modification of orders made in supplementary proceedings, uses the same phraseology as is contained in section 2457, supra; and it was held in McAlpin v. Stoddard, supra, that an order could be vacated or modified by the judge who made it or "by the court" out of which the execution was issued. The statute declares (section 2434) that supplementary proceedings upon judgments of this character shall be instituted before a justice of the City Court. Section 26 declares that in the city and county of New York a special proceeding, instituted before a judge of a court of record, etc., may be continued, from time to time, before one or more other judges of the same court, etc.; and section 2462 of the Code declares that sections 26, 52, and 279 apply to a special proceeding instituted as prescribed therein, and the judge before whom it is continued, as prescribed in either of those sections, is deemed to be the judge to whom an order is made returnable. Section 279 is evidently not the

section intended by the codifier, as it has no reference to special proceedings; section 771 doubtless being the section intended.

In the case of Matter of Backus, 91 App. Div. 266, 86 N. Y. Supp. 638, affirmed 179 N. Y. 571, 72 N. E. 1139, it was held that an application to punish a judgment debtor in supplementary proceedings, under section 2457, was regulated by title 3, c. 17, of the Code. Section 2269 of that chapter provides that "the court or judge" may may make an order requiring the accused to show cause, etc. Section 2273 provides when such an order may be made, and in the case above quoted the court said:

"This judgment creditor was entitled to an order requiring the judgment debtor to show cause why she should not be punished, which thereupon became, under section 2273 of the Code, an application in that special proceeding pending before the judge who issued the order."

It is clear therefore that, while this court undoubtedly has jurisdiction to entertain this motion (Tremain v. Richardson, 68 N. Y. 617), the motion can also be heard, and the violation of the order, if any there be, punished by the justice of the City Court who granted it; and that a justice of that court who has granted an order in supplementary proceedings, or one before whom it has been properly continued, in accordance with sections 26 and 2462, supra, has full power and authority by statute to punish for contempt; and orderly practice requires that recourse should be had to the justices of that court when violation of their orders is charged.

Motion denied, without prejudice to its renewal before the justice of the City Court who granted it.

Motion denied.