(68 Misc. Rep. 522.)

OWENS et al. v. FORD et al.

(Supreme Court, Special Term, New York County. July 27, 1910.)

1. EXECUTION (§ 371*)—SUPPLEMENTARY PROCEEDINGS—JURISDICTION—JUDGMENT OF DISTRICT COURT OF NEW YORK CITY.

The last sentence of Code Civ. Proc. § 2434, added thereto by Laws 1897, c. 476, providing that, where the judgment on which execution issued was recovered in "a district court" of the city of New York, supplementary proceedings shall be instituted before a justice of the City Court of such city, does not deprive the Supreme Court of New York county of jurisdiction of supplementary proceeding (which, otherwise on execution issuing to the sheriff of that county from a court other than the City Court of New York City, it has under such section), where judgment was recovered in the Municipal Court of the City of New York in the Borough of Brooklyn, transcript of it was filed in the Kings County clerk's office, thereby making it, under Municipal Court Act (Laws 1902, c. 580) § 261, a judgment of the Supreme Court, enforceable accordingly, and thereafter execution, returnable to the clerk of the county of Kings, was issued to the sheriff of New York county; the district courts referred to by Laws 1897 being the district courts of the then city of New York, and not relating to the justices' courts of the then city of Brooklyn, which, with the district courts of the city of New York, were, under Greater New York Charter (Laws 1901, c. 466) §§ 1350, 1384, on consolidation of such cities, succeeded by the Municipal Court of the City of New York.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 371.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ACTION (§ 20*)—TITLES—SPECIAL PROCEEDINGS.

    An order for examination of a third party in supplemental proceedings, entitled "O. and Others, Judgment Creditors, against F. and Another, Judgment Debtors," is not entitled in an action, defined by Code Civ. Proc. § 3333, as "an ordinary prosecution * * * by a party against another party," but in a special proceeding, defined by section 3334 as every other prosecution by a party.

    [Ed. Note.—For other cases, see Action, Dec. Dig. § 20.*]

    Supplementary proceedings by William W. Owens and others, judgment creditors, against Mabel Ford and another, judgment debtors. The judgment debtors move to vacate an order for the examination of a third party in supplementary proceedings. Motion denied.

    Jay C. Guggenheimer, for the motion.
    Latson, Tamblyn & Pickard, opposed.

    GIEGERICH, J. The judgment in this case was recovered in the Municipal Court of the City of New York in the Borough of Brooklyn, Second District. A transcript of the judgment was filed in the Kings county clerk's office, thereby making it a judgment of the Supreme Court, which may be enforced accordingly. Municipal Court Act (Laws 1902, c. 580) § 261. A transcript was then issued by the clerk of Kings county, and filed with the clerk of the county of New York. Thereupon execution was issued to the sheriff of New York county, returnable to the clerk of the county of Kings, which execution is still outstanding. An order was then made by one of the justices of this court for the examination of a third party, which the judgment debtors now move to vacate upon the ground that this court has no jurisdiction of supplementary proceedings based upon the judgment in question.

    The argument is that under the provisions of the last sentence of section 2434 of the Code of Civil Procedure the City Court of the City of New York has exclusive jurisdiction of such proceedings. The provision in question was added to section 2434 of the Code of Civil Procedure by chapter 476 of the Laws of 1897, and reads as follows:

    "Where the judgment upon which the execution was issued was recovered in a district court of the city of New York, either special proceeding shall be instituted before a justice of the City Court of the City of New York."

    The district courts therein referred to, however, were obviously the district courts of the then city of New York. The provision did not refer nor relate to the justices' courts of the then city of Brooklyn, and although the two cities have since been consolidated, and the district courts of the city of New York and the justices' courts of the city of Brooklyn have been succeeded by the present Municipal Court of the City of New York (Greater New York Charter [Laws 1901, c. 466] c. 20, tit. 2, §§ 1350–1384), the provisions of chapter 476 of the Laws of 1897 cannot, for that reason, be held to extend to the judgments of courts to which they obviously did not refer, nor to the judgments of the Municipal Court in the Borough of Brooklyn, the successor of such courts (Seabury's City Court Practice, 1049).

    The execution having issued to the sheriff of the county of New

York from a court other than the City Court of the City of New York, proceedings supplementary to execution were properly instituted before a justice of this court, in accordance with the provisions of section 2434 of the Code of Civil Procedure that a special proceeding may be instituted before a justice of the Supreme Court for the City and County of New York, where the execution was issued to such city and county.

It is unnecessary to consider the further question, raised by the moving party, whether the order would be valid if entitled in the action, instead of in a special proceeding supplementary thereto, because I do not think that the order in this case can be said to be entitled in the action. The title sets out the names of the parties, but it describes those who were plaintiffs in the action as "judgment creditors and plaintiffs" and those who were defendants as "judgment debtors and defendants." This title sufficiently indicates that the proceeding is not "an ordinary prosecution * * * by a party against another party" (Code Civ. Proc. § 3333), and that it is, consequently, a special proceeding (Code Civ. Proc. § 3334).

Motion denied, with $10 costs.