### ELLENBOGEN v. HANTMAN.

(City Court of New York, Special Term. December 19, 1910.)

1. EXECUTION (§ 371*) — SUPPLEMENTARY PROCEEDINGS — JURISDICTION OF COURT.

   The City Court of New York has jurisdiction to grant an ex parte application of a judgment creditor obtaining a judgment in the Municipal Court of the city of New York for the examination in supplementary proceedings of the judgment debtor.

   [Ed. Note.—For other cases, see Execution, Dec. Dig. § 371.*]

2. COURTS (§ 91*)—CONTROLLING DECISIONS.

   The justices of the Supreme Court virtually constitute the appellate tribunal of the City Court of New York, and it is proper for the City Court to follow a procedure laid down by the individual justices of the Supreme Court.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

Supplementary proceedings by Meyer Ellenbogen, a judgment creditor, in a judgment rendered by the Municipal Court of the City of New York against Charles Hantman, judgment debtor. On application for an order requiring the judgment debtor to appear for examination in such proceedings. Granted.

Harris Koppelman, for the motion.

GREEN, J. This is an application ex parte for an order requiring a judgment debtor to appear for examination in proceedings supplementary to execution, based upon a judgment obtained in the Municipal Court of the city of New York, borough of Brooklyn.

There seems to be a wide diversity of opinion among members of the bar, as well as justices of the courts, as to whether the City Court of New York has jurisdiction of a judgment debtor in so far as his examination is ordered by a justice of the City Court of New York on a judgment obtained in one of the Municipal Courts of the bor-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ough of Brooklyn. We have decisions both ways. In the case of Fine v. Robinauer, 49 Misc. Rep. 437, 99 N. Y. Supp. 896, the Special Term, Supreme Court, held that the City Court had jurisdiction, and it was there distinctly held that:

"The appointment in the City Court of New York of a receiver in supplementary proceedings upon a judgment of a Municipal Court in Brooklyn is proper under the provisions of section 2434 of the Code of Civil Procedure."

In Owens v. Ford (Supreme Court, Special Term) 68 Misc. Rep. 522, 124 N. Y. Supp. 839, it was just as emphatically stated to the contrary and that we had no jurisdiction in such cases. Within the past two weeks another learned justice of the Supreme Court has decided that the applications should be made in this court (Gottlieb v. Talkon P. & D. Co., Law Journal, December 3, 1910, p. 935), and other justices of the Supreme Court sitting in Special Term have verbally declined to sign these orders and have remitted counsel to the City Court of New York.

This memorandum is inserted for the benefit of the bar, for the reason that within the past week at least ten attorneys have advised me of their presentation of the orders in the first instance to justices of the Supreme Court and their refusal to grant the orders. In our own court most of the justices have heretofore refused to accept jurisdiction or grant these orders. The question at best is simply one of statutory construction, and as a number of justices of the Supreme Court have passed upon the question, some orally and others by memorandum (supra), and as such justices virtually constitute the appellate tribunal of this court, it is but proper that we follow the sense of procedure as laid down by the individual justices of the Supreme Court.

In addition to this, while the exact question was not raised in the cases hereinafter cited, I am of the opinion that the excellent reasoning of the opinion of Mr. Justice Seabury, writing for Appellate Term in the case of Hottenroth v. Flaherty, 61 Misc. Rep. 108, 112 N. Y. Supp. 1111, points to jurisdiction, on Brooklyn Municipal Court judgments, in the City Court of New York. See, also, Bridges v. Koppelman, 63 Misc. Rep. 27, 40, 117 N. Y. Supp. 306, also Buchsbaum v. Lane, 63 Misc. Rep. 374, 118 N. Y. Supp. 419.

For the reasons above assigned, the order has been granted.