### SMITH v. TARANTO.

(Supreme Court, Special Term, Kings County.   March 4, 1913.)

1. INJUNCTION (§ 62*)—BREACH OF COVENANT BY TENANT—REMEDY.

Where the owner of two adjoining houses, heated by a single boiler, the cost being shared equally by the tenants, leased the one with the boiler to a tenant who had full understanding of the situation, and recognized an easement by implied reservation requiring him to do nothing to the disadvantage of the adjoining property, and he thereafter disconnects the heating pipes leading thereto, because his lease is silent as to heating it, there is no adequate remedy at law for his breach of the implied covenant, and equity will furnish a remedy therefor.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. § 62.*]

2. LANDLORD AND TENANT (§ 41*)—LEASE—CONSTRUCTION BY PARTIES.

In case of doubt as to whether a lease required the tenant to furnish heat to an adjoining tenement, its practical construction by himself, recognized and acted on for several months, would control where he thereafter attempts to construe it otherwise for his own advantage.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 105;   Dec. Dig. § 41.*]

3. LANDLORD AND TENANT (§ 160*)—SURRENDER AT END OF TERM—CONDITION OF PREMISES.

Where a tenant is required to surrender the premises at the end of his term in as good condition as reasonable use and wear would permit, damages by the elements excepted, he has no right to disconnect and plug up heating pipes leading to an adjoining tenement, rendering them useless for the purposes for which they were constructed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 612–626; Dec. Dig. § 160.*]

4. INJUNCTION (§ 136*)—TEMPORARY INJUNCTION—WHEN GRANTED.

An injunction pending suit will be granted where defendant will not be harmed, and, if it be not, very great detriment to plaintiff is likely to ensue.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Suit by Thomas F. Smith against Anthony J. Taranto. On motion for an injunction pendente lite.   Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Felix Reifschneider, Jr., of Brooklyn, for the motion.
James A. Beba, opposed.

BENEDICT, J. · The plaintiff moves upon an order to show cause for an injunction pendente lite restraining the defendant from interfering with the plaintiff in maintaining a fire in a boiler or heating apparatus in certain premises demised by the plaintiff to the defendant, and also from interfering with the plaintiff and preventing him from entering the cellar of the demised premises at proper times for the purpose of maintaining such fire, and further from preventing the plaintiff from repairing the heating apparatus where it had been disconnected by the defendant in such manner that the heat could not pass into the adjoining house belonging to the plaintiff.

This controversy grows out of the relation of landlord and tenant borne by the plaintiff towards the defendant. It appears from the complaint, and is not denied by the defendant in his affidavits—he not having answered the complaint—that the plaintiff is the owner in fee of two adjoining houses known respectively as Nos. 553 and 555 Eleventh street, Brooklyn, as well as of an adjacent property No. 559; that there is a building erected upon the lots, Nos. 553 and 555, divided by a partition wall into two parts used separately, which is heated by means of a steam boiler situated in the cellar of No. 555, there being no cellar under 553 and no heater in it. No. 553 was demised by a lease dated on July 14, 1909, made in the name of the plaintiff's wife to Wersen and Zeischang, who by the terms of their lease undertook to pay one-half the cost of the coal used in the boiler or furnace situated in the adjoining premises No. 555. Upon August 23, 1912, a lease in writing was entered into between the plaintiff and the defendant, whereby No. 555 was demised by the plaintiff to the defendant for a term of two years from September 1, 1912, and at the expiration of the demise the defendant agreed to take a single lease, for the further term of five years, of those premises and also of No. 553.

The complaint and moving affidavits indicate that, when the defendant made this lease, he, having previously thereto been employed in said premises, was familiar with the actual and physical conditions of said property, and that he knew that the boiler or heating apparatus in No. 555 was used to produce steam heat, which by means of pipes in the cellar was conveyed to and used for heating No. 553. Although he denies this knowledge, it must be assumed that he not only possessed it, but recognized the binding obligation imposed upon him as tenant of the property in favor of the other property because without protest from some time in the fall of 1912 until January 1, 1913, he supplied heat to No. 553 by means of said boiler; the plaintiff or the tenant in No. 553 defraying one-half the cost of the coal consumed. About January 1, 1913, a dispute arose between the defendant and the plaintiff concerning certain conditions of his lease, and he (the defendant), after threatening to disconnect the pipes leading into the adjoining building, actually did disconnect them, so that no heat was transmitted through them until after the beginning of this suit, when the heater was again connected under the mandate of this court.

[1] The theory upon which the defendant seeks to justify his conduct is predicated upon the fact that the lease to him is silent upon the relative rights and obligations of the parties to it as to furnishing heat to the plaintiff's adjoining building; but I think that there is enough in the lease to show that the parties entered into it with the full knowledge and understanding of the actual situation, and that the defendant recognized the existence of an easement by implied reservation in favor of the dominant tenement No. 553 which required that he should do nothing, as the holder of the servient tenement burdened with the easement, to affect the actual condition of that property to the disadvantage of the adjoining property. See Simmons v. Cloonan, 81 N. Y. 557. And for a breach of this implied covenant equity will furnish a remedy where it appears, as it clearly does in this case, that no adequate remedy at law exists.

[2] If there were any doubt about the intention of the parties to this lease, the practical construction which has been put upon it by the defendant himself, and which he recognized and acted upon during the fall of 1912, would be sufficient to control this court when he attempts for his own advantage at a later date to put a different construction upon it.

[3] Moreover, his lease required that he should at the expiration of his term surrender the demised premises in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted, and he clearly had no right to break and disconnect the heating pipes in the demised premises and plug them up so that they became useless for the purpose for which they were constructed, and so change the condition of the premises as they were when demised to him. Kidd v. Dennison, 6 Barb. 9.

[4] In view of the fact that very great detriment is likely to ensue to the plaintiff if the injunction be not granted until the trial of this action, and that, if it be, no harm will come to the defendant, I have decided to grant the temporary injunction as prayed for.

Settle order on notice.