R. PRESCOTT & SON, INC., Appellant, *v.* ARTHUR S. NYE, Respondent, Impleaded with ALBERT W. CALL and Others, Defendants.

Third Department, April 5, 1928.

**Parties — additional parties — action to foreclose mechanic's lien — building burned and remaining land is valueless — proper to bring in insurance companies as parties defendant under Civil Practice Act, §§ 193, 211, 212 — temporary injunction is vacated.**

The plaintiff made a contract with one of the defendants to construct a building. Before the plaintiff was paid and after a notice of lien for the materials used was filed the building burned. The remaining land is valueless. The plaintiff alleges that the defendant agreed to insure the property for its benefit and the court properly granted an order bringing in the insurance companies as parties defendant under sections 193, 211 and 212 of the Civil Practice Act, and restraining the owner from receiving the money from the insurance companies and the companies from paying the money until the determination of the controversy.

In view of the fact that the owner is insolvent and if the insurance money should come into his hands it would immediately be seized by other creditors, it was error for the court to vacate the temporary injunction.

The contention that the plaintiff is guilty of laches or that the owner has been harmed by reason of delay in applying for the order is not sustained, since it appears that the plaintiff moved promptly after the rights between the owner and the insurance companies were determined by adjustment.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Essex on the 6th day of October, 1927.

*Horatio W. Thomas*, for the appellant.

*James J. Barry* [*B. Loyal O'Connell* of counsel], for the respondent.

PER CURIAM. The plaintiff entered into a contract with defendant Nye to furnish material for the construction of a building. The defendant failed to pay therefor and a notice of lien for the material was filed. Subsequently an action was brought to foreclose the lien. The building had been insured by defendant in his own name. The building burned and the remaining lands were valueless. Alleging that the defendant had agreed to insure the property for its benefit, the plaintiff obtained an order bringing in the insurance companies as parties defendant and served a supplemental summons and complaint asking as relief that a lien be impressed for its benefit upon the insurance funds. A temporary injunction was granted restraining the defendant Nye from receiving and the defendant insurance companies from paying the money until the determination of the controversy. This injunction was vacated on motion of defendant Nye on the ground that the defendants brought in by the order had been improperly joined, and because of the laches of plaintiff.

Even if we were to hold that the joinder of additional parties defendant might be attacked collaterally on this motion by the respondent Nye, we are of opinion that the defendant insurance companies were properly brought in. (Civ. Prac. Act, §§ 193, 211, 212; *Sherlock* v. *Manwaren*, 208 App. Div. 538.)

It appears that Nye is insolvent and that if the money came into his hands it would immediately be seized by other creditors and any lien plaintiff has will be lost. Under the circumstances, a temporary injunction order would seem a proper remedy to preserve the property in *statu quo* during the pendency of the suit and until the respective rights of the parties are decided. (Civ. Prac. Act, § 878; *Smith* v. *Taranto*, 140 N. Y. Supp. 794; affd., 158 App. Div. 912; *Fine* v. *Rabinbauer*, 49 Misc. 437; *People* v. *Long Island Railroad*, 113 id. 700; revd. on other grounds, 195 App. Div. 897; *Goldstein* v. *Societa Veneziana*, 193 id. 168.)

An order granting or dissolving a temporary injunction in a case of this kind is largely discretionary. (*Paul* v. *Munger*, 47

**358** Hudson River Regulating Dist. *v.* F., J. & G. R. R. Co.

Third Department, April, 1928.                    [Vol. 223

N. Y. 469.) The grounds recited in the order appealed from indicate that the motion was granted for reasons other than those of discretion. It does not appear that the respondent filed any affidavits in moving to vacate the order. He has failed to show facts indicating laches on the part of plaintiff or that he has been harmed by reason of any delay in applying for the order. On the contrary, the plaintiff seems to have moved promptly after the rights between Nye and the insurance companies were determined by adjustment.

It follows that the order should be reversed on the law and facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.